

FILED

DEC 2 1 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIF
BY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARANO, CDCR #AE-1543,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE NEOTTI, et al.,<br><br>Defendants. | Case No.: 16cv0189-LAB (JLB)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 9]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

Frank Marano ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims the California Department of Corrections and Rehabilitation ("CDCR") and several RJD officials subjected him to "unsafe prison condition[s]" by failing to properly supervise inmate plumbers' access to "industrial sized tools." See Compl. ¶¶ 6-8, 23, 33-37, 47, 57. As a result, Plaintiff alleges that on December 10, 2009, his throat was "slashed" with a

1

box cutter by a fellow inmate while he was working to repair a drinking fountain in RJD's Facility 3 culinary area. Id. at ¶¶ 3, 9. Plaintiff further alleges that the Defendants failed to provide him "competent medical care during a . . . life-threatening emergency," by transporting him to Alvarado Hospital instead of a trauma center equipped to address his injury. Id. at ¶¶ 17-18, 24. Plaintiff seeks injunctive relief as well as general, "specific," and "exemplar[y]" damages. Id. at 32-33.

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, and did not file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). As a result the Court dismissed this action without prejudice to Plaintiff to either pay the filing fee or submit an IFP motion. (ECF No. 2.) After Plaintiff requested and received two extensions of time, he filed the instant IFP motion. (ECF No. 9.)

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," Bruce v. Samuels, 577 U.S. __, 136 S. Ct. 627, 629 (2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); Bruce, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted copies of his Inmate Statement Reports for the six-months preceding the filing of his Complaint. See ECF No. 9 at 5-8; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; Andrews, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $128.45, and average monthly deposits of $178.72 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $310.68 at the time he submitted the statements. See ECF No. 9 at 8. Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 9), and assesses his initial partial filing fee to be $35.74 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); Bruce, 136 S. Ct. at 630; Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts

as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Screening Standards

The Court must review complaints filed by all persons, like Plaintiff, who are proceeding IFP and who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Pursuant to these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" does not meet this standard. Id.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all

allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. See FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B.  Plaintiff's Claims

Plaintiff may not proceed with his claims against Defendant Wagner, the inmate Plaintiff alleges attacked him. Unlike the prison officials who Plaintiff alleges acted under color of state law, see Compl. at 2-3; Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (finding prison officials "administer[ing] the prison" acted under color of state law for purposes of 42 U.S.C. § 1983), Wagner is alleged only to have acted in his "personal capacity as an inmate," Compl. at 3, and not "under color of state law" when he attacked Plaintiff. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a private individual generally does not act under color of state law). Purely private conduct, no matter how wrongful, is not covered under § 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). The infliction of constitutional deprivations by private individuals is not actionable under § 1983. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

As to the remaining Defendants, however, the Court finds that while Plaintiff styles his "causes of action" in terms of state torts, workplace safety laws, and as a "breach of contract" governing Defendants' duty to respond to "reasonable and heightened expection[s] of dangerous risk to the life of inmates and staff," see Compl. at 20, 21, 24, 25, 26, the "factual content" in his Complaint, when liberally construed, is sufficient to "state a claim to relief [under 42 U.S.C. § 1983] that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). If an inmate has been assaulted by a fellow inmate, a prison official can be held liable under the Eighth Amendment so long as Plaintiff demonstrates that the deprivation is sufficiently serious, id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk. Id. at 837. In addition, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976).

### C. Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id. (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise

the defense of statute of limitations sua sponte), overruled on other grounds by Gonzalez v. Arizona, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. Jones, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. Id. (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. Wallace v. Kato, 549 U.S. 384, 394 (2007) (citing Hardin v. Straub, 490 U.S. 536, 538-39 (1989)); Jones, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000), overruled on other grounds, Johnson v. California, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling). In addition, the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388; Hardin, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission

results in damages." Wallace, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado, 370 F.3d at 955; TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful act" which is alleged to have caused Plaintiff harm occurred on December 10, 2009, over six years before Plaintiff constructively filed his Complaint in this action on January 10, 2016. (See Compl. at 35.) Plaintiff states that he completed his mandatory exhaustion of administrative remedies on February 2, 2011, when he received a response to his Director's Level Review indicating that it had been rejected as untimely, nearly five years before he initiated this action. (Id. at 7.) Thus, assuming Plaintiff is not serving a life sentence (the record is silent on that issue), and assuming he is entitled to tolling for the entire time he was exhausting administrative remedies, and therefore giving him the maximum possible amount of statutory tolling, the statute of limitations expired at the latest (based on the allegations in the Complaint) in February 2015, well before this action was commenced in January 2016. Based on the allegations in the Complaint, it is outside California's statute of limitations, even including all presumed periods of tolling provided by statute, or pending the exhaustion of any administrative remedies. Wallace, 591 U.S. at 391; see also Maldonado, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); Jones, 393 F.3d at 927; Valoff, 422 F.3d at 943.

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleges facts sufficient to show the limitations period may be equitably tolled. See Cervantes, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. Fink, 192 F.3d at 914; Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. See Hull v. Central Pathology Serv.

1  Med. Clinic, 28 Cal.App.4th 1328, 1335 (Cal.Ct.App. 1994); Addison v. State of
2  California, 21 Cal.3d 313, 316-17 (Cal. 1978); Fink, 192 F.3d at 916.

3        As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts
4  which, if proved, would support any plausible claim for equitable tolling. See Cervantes,
5  5 F.3d at 1277; Iqbal, 556 U.S. at 679. In fact, Plaintiff previously filed an identical version
6  of his Complaint in this Court on December 19, 2013, which survived screening under 28
7  U.S.C. § 1915(e)(2) and § 1915A(b), but which was dismissed for failure to prosecute after
8  Plaintiff failed to effect service of process on the Defendants. See Marano v. Neotti, et al.,
9  So.Dist.Ca.Civil Case No. 13cv3117-LAB (BLM), Order filed 8/7/15 [ECF. No. 9].
10 Plaintiff filed a motion to vacate the judgment in that case on December 15, 2016, which
11 was denied on the basis that he had failed to respond to the July 17, 2016 Order to show
12 cause why that case should not be dismissed for failure to prosecute, and because he failed
13 to adequately explain why he had failed to serve the Defendants. Id., Order filed 12/16/15
14 [ECF No. 12]. That Order informed Plaintiff that if he refiled his Complaint, as he has
15 done here, that he would likely need to explain why he is entitled to equitable tolling of the
16 statute of limitations. Id. at 4. Plaintiff has made no such effort in the instant Complaint,
17 which is a duplicate of his 2013 Complaint, despite the fact that he has attached the
18 December 16, 2015 Order dismissing his prior action. (See Attach. to Compl. [ECF No. 1
19 at 68-72].) Thus, although Plaintiff acknowledges a potential need to set forth facts
20 supporting equitable tolling, he has failed to do so. Accordingly, the Court finds that a
21 review of the Complaint reveals that Plaintiff's claims are barred by the statute of
22 limitations, and his entire Complaint must be dismissed for failing to state a claim upon
23 which section 1983 relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Barren, 152
24 F.3d at 1194.

25     **F.**   **Leave to Amend**

26       Because Plaintiff is proceeding without counsel, and he has now been provided with
27 notice of his Complaint's deficiencies, the Court will grant him leave to amend. See Rosati
28 v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a

pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $35.74 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. CAL. CIVLR 8.2(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend

which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: 12-8-16

HON. LARRY ALAN BURNS
United States District Judge