# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARANO, CDCR #AE-1543,<br><br>  Plaintiff,<br><br>vs.<br><br>GEORGE NEOTTI, et al.,<br><br>  Defendants. | Case No.: 16cv0189-LAB (JLB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii)** |

On January 25, 2016, Frank Marano ("Plaintiff"), a state prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claimed in his original Complaint that the California Department of Corrections and Rehabilitation and several RJD officials subjected him to "unsafe prison condition[s]" by failing to properly supervise inmate plumbers' access to "industrial sized tools." (Compl. ¶¶ 6-8, 23, 33-37, 47, 57.) As a result, Plaintiff alleged that on December 10, 2009, his throat was "slashed" with a box cutter by a fellow inmate while he was working to repair a drinking fountain in RJD's Facility 3 culinary area. (<u>Id.</u> at ¶¶ 3, 9.) He further alleged that the Defendants failed to provide him "competent medical care during a . . . life-

threatening emergency," by transporting him to Alvarado Hospital instead of a trauma center equipped to address his injury. (Id. at ¶¶ 17-18, 24.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) and did not file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). As a result, on May 11, 2016, the Court dismissed this action without prejudice to Plaintiff to either pay the filing fee or submit an IFP motion. (ECF No. 2.) After Plaintiff requested and received two extensions of time, he filed an IFP motion. (ECF No. 9.)

On December 21, 2016, the Court granted Plaintiff's IFP motion and dismissed the Complaint with leave to amend. (ECF No. 11.) The Court found that although Plaintiff was precluded from proceeding with his claims against the inmate who attacked him, his allegations against the prison officials, when liberally construed, are sufficient to state a plausible claim for relief and therefore survive the screening requirements of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (Id.) However, the Court found that Plaintiff had initiated this action after expiration of the statute of limitations, and although he had previously been informed of the need to allege facts supporting equitable tolling of the limitations period, he had failed to do so. (Id.) The Court once again notified Plaintiff of need for equitable tolling, once again provided him with an opportunity to plead facts supporting equitable tolling, and dismissed the Complaint with leave to amend in order to attempt to cure that pleading defect. (Id.) Plaintiff has now filed a First Amended Complaint reiterating his factual allegations and claims, and has attempted, but failed, to allege facts sufficient to support equitable tolling. (ECF No. 12.) Because it is now clear Plaintiff is not entitled to equitable tolling, the Court **DISMISSES** this action with prejudice as untimely.

I.   **Statute of Limitations**

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010), quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006). "'A complaint cannot be dismissed unless it appears beyond doubt

that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id., quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), overruled on other grounds by Gonzalez v. Arizona, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. Jones, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. Id. (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. Wallace v. Kato, 549 U.S. 384, 394 (2007), citing Hardin v. Straub, 490 U.S. 536, 538-39 (1989); Jones, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

The limitations period is tolled for prisoners while the "prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). In addition, California law provides for two additional years of tolling for prisoners who are "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Jones, 393 F.3d at 927, quoting CAL. CIV. PROC. CODE § 352.1. However, the Ninth Circuit has found that "[t]he California courts have read out of the statute the qualification that the period of incarceration must be 'for a term of less

than for life' in order for a prisoner to qualify for tolling." Id., at 928 n.5, quoting Grasso v. McDonough Power Equipment, Inc., 70 Cal.Rptr. 458, 460-61 (1968).  Thus, although Plaintiff states that he is serving a life sentence (FAC at 6), he is entitled to two years of tolling due to his status as a prisoner.  Id.

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388; Hardin, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." Wallace, 549 U.S. at 391.  Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado, 370 F.3d at 955; TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful act" alleged to have caused Plaintiff harm occurred on December 10, 2009, over six years before Plaintiff constructively filed his Complaint in this action on January 10, 2016.[1]  (See Compl. at 35-36.)  Plaintiff began exhausting his administrative remedies on January 12, 2010, and ended on February 2, 2011, when he received a response to his Director's Level Review indicating it had been rejected as untimely.  (Id. at 6-7; FAC at 6-8.)  The two-year statute of limitations ran for 32 days from December 10, 2009, before it began tolling on January 12, 2010, and was presumptively tolled until February 2, 2011, until administrative exhaustion ended.  Adding two years for his disability as a prisoner, it expired on January 1, 2015, over a year before this action was commenced on January 10, 2016.  Accordingly, this action was commenced outside the statute of limitations, even including all presumed periods of tolling, other than equitable tolling.  Wallace, 591 U.S. at 391; Jones, 393 F.3d at 927; Valoff, 422 F.3d at 943.

---

[1]  The Complaint was received by the Clerk on January 25, 2016, but is considered "filed" as of January 10, 2016, the date it was mailed to the Court.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

Nevertheless, as the Court has notified Plaintiff twice, his claims could be considered timely, and he could avoid dismissal, if he alleges facts sufficient to show the limitations period may be equitably tolled.  See Cervantes, 5 F.3d at 1276-77.  Generally, federal courts also apply the forum state's law regarding equitable tolling.  Fink, 192 F.3d at 914; Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988).  As the Court previously informed Plaintiff, under California law there are three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling.  See Hull v. Central Pathology Serv. Med. Clinic, 28 Cal.App.4th 1328, 1335 (Cal.Ct.App. 1994); Addison v. State of California, 21 Cal.3d 313, 316-17 (Cal. 1978); Fink, 192 F.3d at 916.

Plaintiff previously filed an identical version of his Complaint in this Court on December 19, 2013, which survived screening under 28 U.S.C. § 1915(e)(2) and § 1915A(b), but which was later dismissed without prejudice for failure to prosecute after a year had passed and Plaintiff had failed to effect service of process on the Defendants.  See Marano v. Neotti, et al., So.Dist.Ca.Civil Case No. 13cv3117-LAB (BLM), Order filed 8/7/15 [ECF No. 9].  Plaintiff filed a motion to vacate the judgment in that case on December 15, 2015, which was denied on the basis that he had failed to respond to the July 17, 2015 Order to show cause why that case should not be dismissed for failure to prosecute, and because he had failed to adequately explain why he failed to serve the Defendants.  Id., Order filed 12/16/15 [ECF No. 12].  That Order informed Plaintiff that if he refiled his Complaint in a new action, as he has done in the instant case, he would likely need to explain why he is entitled to equitable tolling of the statute of limitations.  Id. at 4.  Plaintiff made no such effort in the initial Complaint filed in this action, which is a duplicate of his 2013 Complaint, despite the fact that he attached the December 16, 2015 Order dismissing his prior action.  (See Attach. to Compl. [ECF No. 1 at 68-72].)

Plaintiff has now included a section of the First Amended Complaint titled: "Statute of Limitations."  (FAC at 6-15.)  In that section he: (1) reiterates that his administrative

1 | exhaustion ended on February 2, 2011, which included delays beyond his control; (2) states
2 | that he litigated his claims in state court from December 21, 2011, until he abandoned that
3 | effort and removed the case from the state court to this Court on October 9, 2013, prior to
4 | a resolution on the merits of the claims in state court;[2] and (3) identifies conditions of his
5 | confinement arising after the statute of limitations expired in this action, including transfers
6 | within the prison and his medical condition, which interfered with his access to the law
7 | library and caused his delay in his prosecuting his first federal action. (Id.)

Plaintiff's allegations supporting equitable are insufficient because they are based on his abandoned effort to litigate his claims in state court before coming to this court, and an inability to serve the defendants in his original federal action due to conditions of his confinement which arose after the statute of limitations expired in this action. (FAC at 11-13.) Plaintiff's decision to litigate his claims in state court in the first instance, a decision entirely within his control, does not aid him irrespective of whether he abandoned his claims in state court as he contends, or they were adjudicated on the merits there. See Johnson v. Riverside Healthcare System, L.P., 534 F.3d 1116, 1127 (9th Cir. 2008) (recognizing that the Ninth Circuit and California Supreme Court have foreclosed equitable tolling when a plaintiff voluntarily dismisses a claim), citing Wood v. Elling Corp., 20 Cal.3d 353, 359 (1977); see also Furnace v. Giurbino, 838 F.3d 1019, 1028 (9th Cir. 2016) (recognizing claim preclusion in federal court for a § 1983 action after the same claims were fully litigated against the same defendants in state court). He is unable to demonstrate equitable tolling necessary to establish that this action is timely because he has not shown he was diligently pursuing his claims, and has not shown that his failure to timely present them to this Court is the product of forces beyond his control, because the issues he identifies as interrupting his ability to litigate, i.e., transfers inside the prison and inability

---

[2] There is no record of a case removed to this Court by Plaintiff, and he appears to be referring to his previous action in Marano v. Neotti, et al., So.Dist.Ca.Civil Case No. 13cv3117-LAB (BLM), indicating he filed it in this Court after he abandoned the same claims against the same defendants in state court.

to access the law library, occurred after the statute of limitations expired in this action. <u>Hull</u>, 28 Cal.App.4th at 1335; <u>Addison</u>, 21 Cal.3d at 316-17; <u>Fink</u>, 192 F.3d at 916; <u>see also</u> <u>Hinton v. Pacific Enterprises</u>, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff.")

Plaintiff has failed to forth facts supporting equitable tolling despite acknowledging a need to do so and despite having been twice informed by this Court of that requirement. Accordingly, the Court finds that a review of the First Amended Complaint reveals that Plaintiff's claims are barred by the statute of limitations, and this action must be dismissed for failing to state a claim upon which § 1983 relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Barren</u>, 152 F.3d at 1194. Because Plaintiff has twice been informed of the need to allege facts supporting equitable tolling and has twice failed to do so, it is absolutely clear that he is unable to do so, and he is not entitled to further leave to amend. <u>See</u> <u>Rosati v. Igbinoso</u>, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012).

## II. Conclusion and Order

Good cause appearing, the Court **DISMISSES** this action in its entirety with prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED**.

Dated: February 9, 2017

_____
HON. LARRY ALAN BURNS
United States District Judge